READ *v.* THE STATE.—On appeal.

An indictment for malicious trespass, charged that the defendant maliciously destroyed, &c., divers windows of the county seminary building, &c., the property of the county of *Sullivan*, &c. *Held*, that the indictment was good as in effect charging a malicious injury to public property. *Held*, also, that the injury charged was stated with sufficient certainty.

INDICTMENT for malicious trespass charging that the defendant did at, &c., unlawfully, maliciously, and mischievously destroy and injure divers windows, then and there affixed unto and upon a certain county seminary building there situate, of the value of 20 dollars, of the property of the county of *Sullivan* aforesaid, to the damage of said county, &c. Upon the trial several witnesses testified that they, with others, met at the seminary on the night of the 1st of *March*, 1849, for the purpose of organizing a division of the *Sons of Temperance;* that while there stones and clubs were thrown at the windows, and that the defendant was the person who threw the missiles. The Court instructed the jury that if they were satisfied by the evidence that said seminary was, at the time the injury was committed, public property, or was then occupied or used as a county seminary by the county, it was not necessary that it should have been proved that the title to the property was in the county of *Sullivan*.

We think this instruction was not objectionable. The indictment, in effect, charges a malicious injury to "public property," under the 71st s., c. 53, p. 975, R. S., and were sufficiently sustained by the proof. The fee simple of the ground upon which county seminaries are erected is held in the name of the state, but the boards of county commissioners of the respective counties have the charge of the buildings and of the effects of the seminaries. Chapter 27, p. 304, R. S.

We also think the injury charged to have been done to the property is stated with sufficient certainty in the indictment, and that the case does not come within that of *The State* v. *Aydelott*, 7 Blackf. 157. The judgment is affirmed.