## LEWIS THOMPSON VS. THE STATE.

1. MALICIOUS MISCHIEF: *Shooting and wounding a horse.*
   A conviction cannot be had upon an affidavit stating that the accused "did shoot and wound one horse with a gun," etc.; unless done mischievously or maliciously, no crime known to law is committed. Such an affidavit charges only the commission of a trespass.

2. SAME: *Venue.*
   The venue must be proved as laid in the affidavit or indictment, or a conviction cannot be ascertained. And where the record fails to show that the offense was committed in the county where alleged, the judgment will be reversed.

ERROR to the Circuit Court of *Marshall* County.

Hon. ORLANDO DAVIS, Judge.

Plaintiff in error was arrested and tried by a justice of the peace, charged that he "did shoot and wound a horse," the property of the prosecutor, Nellums. The justice fined him $50. He appealed to the circuit court, was there tried, and the verdict is "guilty of mischievously wounding the horse without intent to

kill." A motion was made in arrest of judgment, which was overruled, and the case comes to this court on a writ of error.

It is assigned for error, that the court refused to arrest the judgment.

*Walter & Scruggs*, for plaintiff in error, filed a brief, insisting that no offense was charged, and that no legal judgment could be rendered on the verdict; citing the following authorities: Code of 1871, § 2708; 2 Bishop Crim. Pr., § 794; State *v.* Jackson, 7 Ind., 270; Anthony *v.* The State, 13 S. & M., 263; Sarah *v.* The State, 28 Miss., 267; Ike's Case, 23 id., 525; Scott's Case, 31 id., 473; Smith *v.* The State, 8 Ohio, 298; Murphy *v.* The State, 24 Miss., 594; Code 1871, § 1304. The accused has the right "to demand the arrest of judgment and the cause of the accusation against him."

*G. E. Harris*, Attorney General, for the state:

There is no bill of exceptions and no evidence, and the court cannot know anything of the circumstances of the shooting. There was no indictment, nor was that necessary, as it was an appeal from the justice of the peace, to be tried *de novo*. The trial was upon the affidavit of the prosecutor. The motion in arrest of judgment is not in the record, and we are not informed of the grounds of the motion; and the only question presented by the record is: Is the verdict good under the Code of 1871, § 2708, to which the attention of the court is invited?

TARBELL, J., delivered the opinion of the court.

The plaintiff in error was prosecuted before a justice of the peace, on an affidavit in these words: "Personally appeared before me, the undersigned, a justice of the peace in and for the said county and state aforesaid, Teed Nellums, who made certificate and information on oath that Lewis Thompson did, on or about the 25th day of June, 1872, shoot and wound one horse belonging to said Nellums, with a gun, all of which is against the peace and dignity of the state of Mississippi; whereupon, he prays that a warrant may issue for his arrest, and that he be made to answer the charge preferred against him."

Thereupon, he was arrested, tried and convicted as of a charge of malicious mischief, for which the magistrate fined him $50 ; whereupon he appealed to the circuit court, the trial terminating with the same result as before the justice of the peace, viz : in a verdict of "mischievously " wounding the horse.

A motion was made in the circuit court to arrest the judgment, for the reasons following :    " That no offense known to the law is charged against the defendant, or that any offense was committed in the county."    This motion was overruled, and the defendant fined $50 and costs.    Hence the case comes to this court, where it is assigned for error, and that the court erred in overruling the motion in arrest of judgment.

The complaint has been given.    The offense sought to be punished is defined in the code, sec. 2708, by which the injury to animals must be done " maliciously," either out of a spirit of revenge or wanton cruelty, or " mischievously."

By the language of the complaint, a case of trespass only is presented.    State v. Langford, 3 Hawks, 381 ; 19 Mo., 383 ; 6 Humph., 283 ; State v. Jackson, 7 Ind., 270 ; 7 Md., 276 ; 7 Blackf., 157 ; 1 Ind., 511.    Upon this, the party was dealt with as for a violation of the foregoing provision of the code.    It is scarcely necessary to enter upon a discussion of this case.    The party was entitled to demand the nature and cause of the accusation against him.    Const., art. I, sec. 7.    That was contained in the affidavit or complaint in the nature of an indictment or information.    The plea was to the allegations of the complainant, which charged only the shooting and wounding.    Unless done " maliciously," either out of " a spirit of revenge or wanton cruelty," or " mischievously," no crime was charged within our code. It would be a very dangerous precedent to hold that a crime not charged can be fastened upon a party on the trial.    " On principle, it cannot be sufficient to allege that the defendant injured the property, for that might imply almost anything."    2 Bish. Cr. Pr., § 794.    And such is the doctrine of all the authorities in our own as well as in other states.    Before the defendant could have

been legally convicted of a malicious or mischievous shooting, the offense whereof he was tried should have been charged in the complaint, in language bringing it at least substantially within the precise and technical crime defined by the statute. Anthony's Case, 13 S. & M., 263 ; Smith v. The State, 8 Ohio, 298 ; Murphy's Case, 24 Miss., 594; 1 Mass., 139; Williams v. State, 42 Miss., 328. The other point made on the arrest of judgment is also well taken. The record does not show that the offense was committed in the county where the trial was had. This was essential. Const., art. I, sec. 7. The court erred in not arresting the judgment, for which judgment is reversed and defendant discharged.