## CLAIB REMBERT *v.* THE STATE.

CRIMINAL LAW. *Affidavit or indictment. Description of offence. Sect. 2708, Code 1871.*

    Sect. 2708 of the Code of 1871 declares that "any person who shall maliciously, either out of a spirit of revenge, or wanton cruelty, or mischievously, kill, wound, maim, or injure any horse, mare," etc., etc., shall be punished as therein prescribed. In a prosecution under this statute, by affidavit or indictment, it is sufficient to charge that the offence was "maliciously"

done, without adding the words, "out of a spirit of revenge, or wanton· cruelty." These words are merely used to describe and define the word "maliciously;" as if the language was, "any person who shall maliciously, that is to say, either in a spirit of revenge, or of wanton cruelty," etc.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

The case is stated in the opinion of the court.

*R. N. Miller*, for the plaintiff in error.

The offence was not properly charged. Code 1871, sect. 2708. Being a statutory offence, it should have been charged in the language of the statute. *Anthony's Case*, 13 Smed. & M. 263 ; *Ike's Case*, 1 Cushm. 525 ; *Scott's Case*,.2 Geo. 473 ; *Williams's Case*, 42 Miss. 328. ·The words " out of a spirit of revenge, or wanton cruelty," were necessary to a substantial description of the offence. *Thompson* v. *The State*, 51 Miss. 355. The omitted words would have been necessary at com-- mon law. 4 Bla. Comm. 254 ; 12 Ired, 329 ; 49 Miss. 333.

*T. C. Catchings*, Attorney-General, for the State.

The offence was well charged, under sect. 2708 of the Code of 1871. The words " out of a spirit of revenge, or wanton cru- elty," are mere surplusage, and need not be used in charging the offence. They are only useful as indicating the proof to be required. 3 Cush. 558 ; 2 Metc. 21 ; 3 Dev. & B. 130 ; 5 Ired. 364 ; 8 Leigh, 719 ; 3 Me. 177.

CHALMERS, J., delivered the opinion of the court.

Prosecution was commenced against the plaintiff in error, before a justice, for malicious mischief in shooting a horse. After conviction both before the justice and on appeal in the Circuit Court, there was a motion in arrest of judgment, on the ground that the affidavit described no offence under the statute. The Code, sect. 2708, enacts that " any person who shall maliciously, either out of a spirit of revenge, or wanton cruelty, or mischievously, kill, wound, maim, injure," etc., shall be punished as prescribed.

The affidavit charged the shooting here to have been done

"maliciously," but omitted the words, "out of a spirit of revenge, or wanton cruelty."

Were these words essential? We think not. They are merely descriptive, or by way of definition of the word "maliciously," as here used. They are parenthetical, and may be wholly omitted without altering the sense. It is just as if the language was: "Any person who shall maliciously, that is to say, either in a spirit of revenge, or wanton cruelty," etc.

The definition of malicious mischief, at common law, is an injury done to the personal property of another, "either out of a spirit of wanton cruelty, or black and diabolical revenge." 4 Bla. Comm. 243.

The imputation of cruelty was, of course, applicable only to living things, and not to inanimate property.

The spirit of revenge would ordinarily, though not necessarily, be towards the owner.

In none of the common-law precedents of indictments for malicious mischief do we find an averment of the spirit of revenge, or wanton cruelty; though, as we have seen, these were the elements that made up the offence.

In *Thompson's Case*, 51 Miss. 353, the defect was that the word "maliciously," as well as the words, "out of a spirit of revenge, or wanton cruelty," was omitted. This was held to be error.

The court below did not err in overruling the motion in arrest of judgment in this case.

Affirmed.

