286 So.2d 825 (1973)
Sylvester SANDERS, Jr.
v.
STATE of Mississippi.
No. 47531.
Supreme Court of Mississippi.
December 10, 1973.
*826 Ellis J. Farris, John B. Gee, Vicksburg, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
The appellant, Sylvester Sanders, Jr., was indicted by the Grand Jury of Warren County, Mississippi, for the crime of the murder of Tarelene Stevenson. Guilty of manslaughter was the verdict of the trial jury. Then the appellant was sentenced to serve a term of twelve (12) years in the state penitentiary. His motion for a new trial was overruled, and he has appealed to this Court. He contends that the trial court should have directed a verdict in his favor because the testimony is not sufficient to warrant a conviction and because the state did not prove venue.
Unveiled in this case is a mysterious and gruesome account of a most unusual and horrible death. The scene was within a rental apartment constructed for meaningful life which pathetically became a chamber of horrors. Tarelene, a little girl baby of the age of less than two years, was locked in a room until she starved to death in the presence of the cold corpse of her mother. As the stages of starvation successively took their destructive toll, irony would have it that there was accessible to Tarelene a refrigerator stocked with food. Because of her infancy, she was incapable of obtaining the food. Inevitably, she perished.
On January 23, 1972, police officers in the City of Vicksburg, Mississippi, were called to an Urban Renewal Apartment Complex at 1522 Ethel Street to investigate a situation where two dead bodies were found in Apartment A. The officers found a much decomposed corpse of a young nude woman on a bed in the apartment. They also found the nude corpse of an infant girl. It developed that the woman was Dorothy Ann Stevenson, age sixteen years. The little girl was her daughter, Tarelene Stevenson, age sixteen months. It was indicated by the foul odor *827 in the room, emanating from the dead bodies, that the persons had been dead for several days. The corpse of Tarelene was not nearly so decomposed as was the corpse of her mother. Obvious evidence caused the investigators to conclude that the little child had starved to death. The sugar container had been turned over on a table, and a little child's finger marks could be seen in the spilled sugar. Teeth marks were on bars of soap. A skillet was found on the floor with little finger marks in the dried grease. Candy wrappers were scattered over the apartment. It was determined that Tarelene had been dead only four or five days, since she was seen alive and looking out a window prior to that time. An unsuspecting person who happened to pass by and see her verified this fact.
The coroner determined that the mother had been dead for ten to twelve days, but because of the putrefaction of her corpse, the cause of her death was not determined. However, there was evidence that indicated that blood was on certain pieces of cloth situated near the corpse.
The evidence shows that the apartment door was locked and that the defendant had the only key which had been issued to the apartment. However, Gladys Lane, who occupied Apartment B adjacent to Apartment A where the corpses were found, testified she let the policemen use her key to Apartment B which opened Apartment A when the officers came to investigate. No one knows how many other keys would open the lock.

I
Questions related to venue are first presented by the appellant. He urges in this regard that no one testified that the crime was committed in Warren County, Mississippi. Therefore, it is said that the defendant's motion for a directed verdict should have been sustained. Section 26, Mississippi Constitution 1890 does require that a defendant be given "a speedy and public trial by an impartial jury of the county where the offense was committed" and that venue must be alleged and proven. Thompson v. State, 51 Miss. 353 (1875).
We have said, however, that venue of the crime could be proved by circumstantial evidence as well as direct evidence. In State v. Fabian, 263 So.2d 773 (Miss. 1972) at 779 we pointed out that it is presumed that a person died in the county where his dead body was found. In our opinion venue was sufficiently established in this case.

II
This case turns on the next question argued which relates to the sufficiency of evidence. In this connection it is to be noted that: (1) No one saw the appellant take Tarelene to his apartment; (2) no one saw the appellant at any time in or near the apartment when the child was there; (3) no one testified that the appellant closed the door of the apartment with knowledge that Tarelene was in the apartment; (4) no one testified that the appellant had any knowledge that Tarelene was in the apartment at any time; and (5) the appellant made no statement or confession of any kind to the effect that he took part in or had any connection whatsoever with any activity even remotely related to Tarelene's starvation or isolation during starvation. During the trial, the coroner testified that according to his best judgment the woman (mother of Tarelene) had been dead for ten to twelve days when discovered in the apartment. This testimony would indicate that the mother came to her death on approximately January 10, 1972, or within two or three days thereafter. Other testimony indicates that the appellant last worked with his employer in Warren County, Mississippi on January 3, 1972. The appellant was last seen, according to the record, in the area or in Mississippi on or about January 3, 1972. No one who testified locates him in Mississippi between that date and on or about January 10, 1972, *828 when the mother of the little child was said to have died.
The state based its case upon circumstantial evidence and therefore was bound to prove the guilt of appellant beyond a reasonable doubt and to the exclusion of all reasonable hypothesis other than that of the appellant's guilt. Pryor v. State, 239 So.2d 911 (Miss. 1970); Dickins v. State, 208 Miss. 69, 43 So.2d 366 (1949). Each case must be determined from the circumstances shown in the testimony, and of course the facts must consistently point to but one conclusion, that is to say, guilt. In the present case the evidence against Sanders may create suspicion of his guilt but it certainly rises no higher than suspicion. According to the coroner's testimony introduced by the state, the death of Dorothy Ann Stevenson, mother of Tarelene Stevenson, occurred about January 10, 1972, on which date no one had seen the appellant within this state for at least seven days. The proof certainly doesn't show that the child starved to death on account of any act or omission proven against the appellant. As revealed by testimony introduced by the state, access into the apartment could be gained by someone using a key other than the key which had been furnished the appellant by his landlord.
In its brief the state admits that the record "leaves something to be desired" and that the evidence at best was "skimpy." Our jurisprudence on the sufficiency of evidence would be strained and revolutionized beyond explanation if we were to say that evidence admitted by the state to be such as "leaves something to be desired" and "skimpy" is sufficient to prove one's guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of guilt.
The details of this case reveal one of the most terrifying deaths that ever occurred within this state, but the evidence presented simply does not connect the appellant with the death of the infant child, Tarelene Stevenson. This Court is horrified by the revelations of this record. What is shown here is that someone, we know not who, did something which resulted in the lingering death by degrees of Tarelene who was alone except for the company of the lifeless body of her mother who preceded her in death by a number of days. Yet we are bound by the well established constitutional requirements that no one in our country must stand convicted of any crime unless proven guilty.
In the case before us the appellant was not proven guilty even beyond a reasonable doubt, which is the required degree of proof of crimes upon direct evidence. Since this case was tried upon circumstantial evidence, it was necessary that the state prove the guilt of the appellant not only beyond a reasonable doubt but also to the exclusion of every other reasonable hypothesis consistent with his innocence. The state did not come even close to meeting this burden of proof. Here guilt of the appellant was not proven beyond a reasonable doubt, much less to the exclusion of every other reasonable hypothesis. Therefore, we have no choice under our oaths but to reverse the conviction and discharge the appellant.
We cannot do otherwise here because even if it were admitted that every word testified to by every state witness in this case is absolutely true, none of the testimony connects the appellant with the death of little Tarelene Stevenson. The hallmark of our system of jurisprudence is that no one shall be deprived of liberty without due process of law. This constitutional due process means that an accused person shall be looked upon as innocent until proven guilty. The appellant has not been proven guilty. Taken in its strongest light, the state's testimony does no more than create a suspicion that the appellant may have had something to do with the crime with which he stands charged.
Reversed and appellant discharged.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.