642 So.2d 930 (1994)
Jeffery L. WALTON a/k/a Jeffry L. Walton
v.
STATE of Mississippi.
No. 91-KA-00658.
Supreme Court of Mississippi.
September 8, 1994.
Cleve McDowell, Drew, Steven E. Farese, Farese Farese & Farese, Ashland, for appellant.
*931 Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
JAMES L. ROBERTS, JR., Justice, for the Court:
Jeffery L. Walton was convicted in the LeFlore County Circuit Court of selling five rocks of cocaine for one hundred dollars ($100.00) to an undercover agent in Greenwood, Mississippi. He was sentenced to serve a term of thirty years in the custody of the Department of Corrections, and fined one hundred thousand dollars ($100,000.00). Walton appeals to this Court, citing the following errors:
WHETHER OR NOT THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANTS MOTION FOR JUDGMENT NOTWITHSTANDING THE JURY'S VERDICT
WHETHER OR NOT THE JURY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW
Finding the evidence sufficient to support Walton's conviction, we affirm.

FACTS
On February 19, 1990, Charles Eskridge, Assistant Police Chief of Durant, Holmes County and undercover agent of the North Central Narcotics Task Force met with Edgar Earl Thompson, a confidential informant working with the Task Force, for the purpose of making a "controlled buy" in Greenwood. Around 3:00 p.m., they met with Charles Edward Burns, and asked him where they could buy some cocaine. The three went to Burns' house. Eskridge gave Burns one hundred dollars to purchase the cocaine, Burns giving Eskridge his wallet and driver's license as security. Burns entered the house, and returned to Eskridge and Thompson waiting outside. He did not have any drugs with him at this time. The three then proceeded to another location, McLaurin Street, where a 1990 Bronco was parked outside a house. Several people were sitting on the porch of the house, including Walton. Eskridge, Thompson and Burns parked about three or four car lengths from the house. Burns got out and walked up to the house. Walton and Burns walked to the Bronco. Walton got in the driver's side and Burns got in the passenger side. They remained in the car for two or three minutes. During this time Eskridge copied down the tag number of the Bronco. A check run later showed the Bronco to be registered to Walton. When Burns returned to Eskridge and Thompson in their car, he gave Eskridge a matchbox which contained five rocks wrapped in aluminum foil, later identified as cocaine. Burns was dropped off, and Eskridge and Thompson returned to "home base." The rocks were received by case agent Barbara Fancher, dated and marked with a case number, and taken to the Crime Lab in Jackson. Thompson was paid about forty dollars for his services.
Walton and Charles Burns were indicted by a grand jury of Leflore County almost a year later (February 8, 1991) for selling cocaine to Charles Eskridge for $100.00. Walton was arraigned later that month, and pled not guilty. On March 26, 1991, Walton filed a motion for severance and separate trial.
The trial was held June 19, 1991. The State called Eskridge, Thompson, and James Stevens, former Police Chief of Greenwood and member of the North Central Narcotics Task Force. It also called Ted Chapman, a forensic scientist with the Mississippi Crime Lab, who testified that the rocks were crack cocaine. Walton did not testify; neither did Burns, the individual who had purchased the cocaine from him.
Immediately before closing arguments, Walton moved for a directed verdict on the grounds that the State had not established a prima facie case against him. The judge denied this motion. The jury returned a guilty verdict. Walton's motion to set aside the jury verdict was denied. On June 28, 1991, Walton was sentenced to thirty years imprisonment and a fine of $100,000. His motion for a new trial was denied.

LAW
A motion for J.N.O.V. challenges the legal sufficiency of the evidence. Our standard of review for denial of a JNOV is familiar:

*932 Where a defendant has moved for JNOV, the trial court must consider all of the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. The evidence which is consistent with the verdict must be accepted as true. The State must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence having such quality and weight that, having in mind the beyond-a-reasonable-doubt burden of proof standard, reasonable fair-minded men jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand.
Fleming v. State, 604 So.2d 280, 286-87 (Miss. 1992), citing Lee v. State, 469 So.2d 1225, 1229-30 (Miss. 1985).
The gist of Walton's argument is that because none of the State's witnesses personally witnessed cocaine and money changing hands, the evidence presented was insufficient to support a guilty verdict. In other words, Walton claims that the case against him was circumstantial.
That the only evidence supporting a conviction is circumstantial does not mean the evidence is insufficient. We have consistently held that the State may prove a crime solely by circumstantial evidence. Our law does require that the circumstantial evidence be sufficient to prove the defendant's guilt beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis consistent with innocence. Fleming v. State, 604 So.2d 280 at 288 (Miss. 1992); Sudduth v. State, 562 So.2d 67, 71-72 (Miss. 1990); Brown v. State, 556 So.2d 338, 340 (Miss. 1990); Steele v. State, 544 So.2d 802, 808 (Miss. 1989). In addition, where all evidence tending to prove the defendant guilty is circumstantial, the trial court must grant a jury instruction that every reasonable hypothesis other than that of guilt must be excluded in order to convict. Henderson v. State, 453 So.2d 708, 710 (Miss. 1984); Sanders v. State, 286 So.2d 825, 828 (Miss. 1973).
Walton contends that the evidence presented did not prove that he sold the five rocks of cocaine, because, for example, there might have been another person in the Bronco who made the sale. We note that Walton presented this argument to the jury, that the jury was given the proper circumstantial evidence instruction, and that the jury rejected Walton's theory of the case.
Concerning jury verdicts, we have stated:
[O]nce the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that from the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
Williams v. State, 463 So.2d 1064, 1068 (Miss. 1985).
Under our standard of review for denial of J.N.O.V. motions, supra, all evidence must be considered in the light most favorable to the State. The State is entitled to the reasonable inference that Walton sold the cocaine. Witnesses testified that Burns, holding one hundred dollars, entered the Bronco with Walton, and that he exited several minutes later with the crack and minus the cash. Reasonable jurors could believe this testimony and find Walton guilty. We are not at liberty to disturb their conclusion.

CONCLUSION
There was sufficient evidence in the record to find Walton guilty of selling five rocks of cocaine to Burns. Therefore, the denial of Walton's motion for J.N.O.V. was proper. The trial court's verdict is affirmed.
CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A ONE HUNDRED THOUSAND DOLLAR ($100,000.00) FINE, AFFIRMED.
*933 HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ. and SULLIVAN, BANKS, McRAE and SMITH, JJ., concur.
PITTMAN, J., not participating.