# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00517-COA

**EDDIE WILLIAMS A/K/A EDDIE ANTHONY WILLIAMS A/K/A EDDIE A. WILLIAMS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2015 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNTS A–D, BURGLARY OF A DWELLING, AND SENTENCED ON EACH COUNT TO TEN YEARS; AND COUNT E, BURGLARY OF A DWELLING, AND SENTENCED TO FIFTEEN YEARS, WITH FIVE YEARS SUSPENDED; WITH ALL SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Eddie Williams appeals the judgment of the Lowndes County Circuit Court denying his motion for a new trial, arguing that the jury's verdict was against the overwhelming

weight of the evidence.

¶2.     Finding no error, we affirm.

FACTS

¶3.     Between December 7, 2012, and January 16, 2013, five burglaries were reported in Lowndes County. The burglaries occurred during the daytime hours and shared similarities in the method of the break-in, items stolen, and property damage. On January 31, 2013, Lieutenant Greg Wright of the Lowndes County Sheriff's Department went home for lunch and, as he was returning to work, noticed an unfamiliar vehicle at his neighbor's home. Being suspicious, Lieutenant Wright glanced under his neighbor's carport and saw a male individual that was not his neighbor. Lieutenant Wright made a block around the neighborhood, and when he returned, the man and the vehicle were gone. As he continued on his way to work, he noticed the same vehicle parked off the road, next to a shop. He decided to investigate further. As he approached the vehicle, the driver, Steven Blevins, exited and told Lieutenant Wright that he was having car trouble. Lieutenant Wright also spoke with Williams, the passenger, who stated that the GPS was not working properly. Still suspicious, Lieutenant Wright called dispatch to run Blevins's and Williams's information.

¶4.     While Lieutenant Wright waited on dispatch to respond, Lieutenant Sims with the sheriff's department arrived and alerted Lieutenant Wright that the vehicle's licence-plate number was of interest in the ongoing investigation of one of the recent burglaries. Both men were arrested and searched. The deputies also searched the vehicle. Williams's search

2

revealed that he had latex gloves in one of his pockets. The deputies later made consensual searches of Blevins's home, Williams's home, and Williams's sister's home, which was the address Williams had given to police the last time he was arrested. In the searches of the vehicle and homes, the deputies recovered weapons and several stolen items from each of the previously mentioned burglaries.

¶5. Williams was indicted on five counts of burglary of a dwelling (counts A-E) and one count of attempted burglary of a dwelling. The State initially tried Williams on the attempted-burglary-of-a-dwelling charge, and the jury found him not guilty of that charge. The State then tried Williams on the remaining five counts of burglary of a dwelling in one proceeding. The jury found him guilty of each count. The circuit court sentenced Williams to consecutive terms of ten years on counts A-D, respectively, and a consecutive term of fifteen years, with five years suspended, on count E.

¶6. Following his convictions, Williams filed a motion for a new trial, which the circuit court denied. This appeal followed.

## DISCUSSION

¶7. Our standard of review is succinctly addressed in *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005):

> When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We have stated that on a motion for new trial, the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the

3

power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather, as the thirteenth juror, the court simply disagrees with the jury's resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.

(Internal quotations and citations omitted).

¶8. Williams contends that the jury's verdict was against the overwhelming weight of the evidence and that he is entitled to a new trial. He makes the following arguments: the evidence presented by the State only linked his codefendant, Blevins, to the crimes as there was no physical evidence against Williams; he was never identified as being present during any of the burglaries; no fingerprints were recovered; he was not personally in possession of any stolen items; and no stolen items were recovered from his home. He asserts that the stolen items found at his sister's home could have been placed there by anyone, as many people had access to the home, including Blevins, and that his sister testified that she did not lock her back door, nor did she lock the shed where some of the stolen items were recovered. As such, he argues that the only evidence the State relied on to connect him to the crimes was the fact that he was riding in the car with Blevins the day of their arrest.

¶9. The State responds that it proved that Williams committed the burglaries through circumstantial evidence, and the jury's verdict was not contrary to that evidence. Several

4

items from each of the burglaries were found in Williams's sister's home, and the State argues that based on her testimony, Williams had unfettered access to her home. The State also argues that Williams used his sister's address as his home address and he is the most likely individual to have stored the stolen property in her home.

¶10. The State further argues that Williams had gloves on his person when he was arrested, and the police concluded that the burglars more than likely wore gloves. In addition, the State notes that after the police searched the car in which Williams was a passenger with Blevins, they found: a knife on the passenger floorboard, a gun under the passenger seat, and a gun in the glove compartment. Consequently, the State contends that the breadth of evidence connecting Williams to the crimes was overwhelming; therefore, the jury's verdict was not improper.

¶11. The Mississippi Supreme Court has held that "we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). The State presented sufficient evidence for the jury to find Williams guilty. Our supreme court has also "consistently held that the State may prove a crime solely by circumstantial evidence." *Walton v. State*, 642 So. 2d 930, 932 (Miss. 1994). Although Williams contends that the verdict was contrary to the evidence presented, this Court agrees that there was credible evidence from which the jury could reasonably conclude that Williams was guilty of the burglaries as charged. At the same time, we do not disagree with Williams's argument that

5

the loot found at his sister's home, which was also his home, could have been placed there by someone else. However, it just as well could have been placed there by Williams. Also, Williams conveniently overlooks the fact that the car that he and his codefendant were riding in at the time of their arrest had been linked to at least one of the burglaries for which he was convicted and that some of the loot from the burglaries was also found in the trunk of the car. Additionally, we note that when Lieutenant Wright approached the car on the side of the road, Williams told him that the car's GPS system was not working properly, an apparent effort to distract Lieutenant Wright from further investigation. The jury reasonably could have inferred from this ploy by Williams that he was trying to conceal his involvement in the burglaries. Williams testified and presented his defense to the jury, and the jury obviously rejected his theory of the case.

¶12. Despite Williams's assertions we find no error, nor do we find an "unconscionable injustice" will result by allowing the verdict to stand; therefore, we affirm the circuit court's judgment.

¶13. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS A–D, BURGLARY OF A DWELLING, AND SENTENCE ON EACH COUNT OF TEN YEARS; AND COUNT E, BURGLARY OF A DWELLING, AND SENTENCE OF FIFTEEN YEARS, WITH FIVE YEARS SUSPENDED; WITH ALL SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR. FAIR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., SPECIALLY**

6

**CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY FAIR, J.**

**GRIFFIS, P.J., SPECIALLY CONCURRING:**

¶14. I concur with the majority's decision in this case. I write separately because I disagree with using the "thirteenth juror" rationale in the standard of review. My rationale was recently detailed in *Little v. State*, 2014-KA-01505-COA, 2016 WL 6876506, at *3-7 (¶¶14-18) (Miss. Ct. App. Nov. 22, 2016) (Griffis, P.J., dissenting), and I quoted extensively from *Hughes v. State*, 43 So. 3d 526, 530-33 (¶¶17-25) (Miss. Ct. App. 2010) (Roberts, J., specially concurring). I see no reason to add to those opinions, and I believe this Court should omit the reference to the "thirteenth juror."

**FAIR, J., JOINS THIS OPINION.**