403 So.2d 1287 (1981)
Danny Lee SHEPHERD
v.
STATE of Mississippi.
No. 52810.
Supreme Court of Mississippi.
September 30, 1981.
A.M. Murphy, Lucedale, for appellant.
Bill Allain, Atty. Gen., by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, BOWLING and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
This is an appeal from the Circuit Court of George County by Danny Lee Shepherd for the conviction of burglary and larceny and sentence of five (5) years. We reverse and render.
At some time during the night of April 9, 1980, the Western Auto Associate Store in Lucedale, owned and operated by Mr. W.T. Bounds, was burglarized. Approximately $710.00 worth of merchandise was stolen, consisting of knives, walkie-talkie sets, tape *1288 players, and various other items of personal property. Mr. Bounds first noticed the back door of his store had been opened the previous night about 45 minutes after he went to work the following morning.
Around 11:00 p.m. on the same evening the store was burglarized, Darwin Walley and Mitchell Guinn, town police officers on patrol, noticed Sheperd's truck parked in an alleyway behind Lee Havard's Washerteria. This washerteria was located on Main Street 200-300 yards from the store, or about one and one half blocks away. About 50-60 steps from Mr. Bounds's store was an abandoned ice house.
Officer Walley left the truck looking for Shepherd and approximately 30 minutes later heard Officer Guinn calling. He returned to the truck and observed Guinn and Shepherd behind the truck. Shepherd had a new knife (of the same brand as those stolen) in a plastic bag and box, which he said he had bought in Mobile. Shepherd told the officers he was there to wash his clothes, but Officer Walley testified that he did not see any clothes. Shepherd was not arrested, and the knife was not taken. Later that night Walley saw Shepherd at a filing station in Lucedale.
The next day Police Chief Mendel Wachsman, in investigating the then discovered burglary, found numerous knives which had been stolen at the side of the washerteria building. Some were wrapped in a slip-over shirt, and others were thrown around on the grass beside the building. A shotgun belonging to Mr. Bounds was found in the ice house, yet the indictment failed to list a shotgun as having been stolen. Officer Guinn was assisting Chief Wachsman in the investigation the next day.
Timothy Shepherd, a bother of the defendant, when picked up for questioning by the officers, gave a written statement which stated the slip-over shirt found by the officers was, "one that my brother, Danny, had wore." When called as a state's witness and shown a shirt, however, Timothy Shepherd denied that it was the same one.
When the state rested, the court overruled the defense motion for a directed verdict.
Without reviewing the dubious nature of the hearsay and indirect method by which some of the evidence was adduced, especially the shirt, we are compelled to agree with the experienced and skilled circuit judge's comment: "I don't remember ever trying a case any weaker than this case."
The evidence in this case could justify no more than a suspicion. No one testified this was the shirt the defendant was wearing the day of the crime, or whether he had a shirt on when he was seen the night of the crime (Officer Walley could not remember, and Officer Guinn never testified). Courts cannot permit a conviction to stand based merely upon suspicion, Wooldridge v. State, 274 So.2d 131 (Miss. 1973).
Reversed and appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.