513 So.2d 942 (1987)
Morris Cortez RAWLS
v.
STATE of Mississippi.
No. 57195.
Supreme Court of Mississippi.
October 7, 1987.
Merrida P. Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
*943 Edwin Lloyd Pittman, Atty. Gen. by W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving a burglary, comes to the Court from the Circuit Court of the First Judicial District of Hinds County, which sentenced Morris Cortez Rawls, upon conviction, to ten years in prison. We reverse.
On December 29, 1984, at approximately 12:30 a.m., Melvin Johnson saw two men, carrying unidentified objects, as they walked around the side of Dennis Perkins' house, located at 1050 West Pascagoula Street in Jackson. As Johnson approached, he saw another man who "came from around side of the house;" thereafter, all three men were on the sidewalk. When the men, carrying the objects, noticed Johnson's headlights, they ran across the street, hiding beside another automobile. The third man stood motionless. With the bright lights engaged, Johnson saw Rawls, standing on the sidewalk. Johnson then turned around, again passing Perkins' house as the men drove away in the other car. Johnson's wife, also present, recorded the departing automobile's license number. When Perkins returned home, two television sets and a stereo were missing.
According to police records, the car belonged to Johnny Lee Scott. Upon investigation, the police arrested Scott's nephew, Frank Robinson, who testified at trial that the automobile in question was inoperable on December 29, 1984. The authorities later released Robinson without an indictment.
Additionally, Rawls' mother and girl friend testified that Rawls was bedridden with a "bad stomach" in the early morning hours of December 29, 1984. In fact, Mrs. Rawls stated that she had kept an eye on her son until 2 a.m., when the Rock Hudson movie on television ended.
On appeal, Rawls contends that the verdict was against the overwhelming weight of the evidence, since the proof was wholly insufficient to support the conviction. In Dickerson v. State, 441 So.2d 536, 538 (Miss. 1983), the Court outlined the scope of review for such an assignment of error:
Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that on the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
See also, McFee v. State, 511 So.2d 130, 133 (Miss. 1987), Burge v. State, 472 So.2d 392, 296 (Miss. 1985), Neal v. State, 451 So.2d 743, 758 (Miss. 1984).
Here, Melvin Johnson testified that he saw two men, carrying unidentified objects, as they walked around the side of Dennis Perkins' house. Moments later, Johnson saw a third man walk around the side of the house. This man carried nothing. All three men were then on the sidewalk, when as Johnson approached, the two men carrying the objects, ran across the street, hiding behind an automobile. The third man, identified as Rawls, stood motionless, attempting neither to run nor to cover his face. When Johnson returned the men drove away in the car.
In Shepherd v. State, 403 So.2d 1287, 1288 (Miss. 1981), this Court reversed a burglary conviction, where the only evidence against the appellant was that police officers had seen him, holding a knife similar to that stolen, while standing in an alley near the burglarized premises. In Acuna v. State, 54 So.2d 256, 257 (Miss. 1951), where the only evidence against the appellant was that he had stood in an alley behind the burglarized premises, looking suspicious, this court reversed his burglary conviction as well. Also, in James v. State, 77 Miss. 370, 372, 26 So. 929 (1900), this Court reversed a burglary conviction, where the only evidence against the appellant was that he had stood within ten feet of the crime scene, and departed immediately after his employer had discovered the burglary.
*944 Similarly, in this case, Rawls' sole connection with the burglary was that he walked around the side of Dennis Perkins' house, shortly after two other men, who had carried several unidentified objects. The men then departed in an automobile, together. Though arousing suspicion, legal guilt, on these facts, remained unproven. See Shepherd, 403 So.2d at 1288 ("Courts cannot permit a conviction to stand based merely upon suspicion.")
Consistent with the above, we find that the evidence was insufficient to support Rawls' conviction, and order his discharge from custody.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.