556 So.2d 338 (1990)
Ken BROWN
v.
STATE of Mississippi.
No. 07-58640.
Supreme Court of Mississippi.
January 17, 1990.
*339 Donald D. Wrighton, Aberdeen, S. Allan Alexander, Grady F. Tollison, Patterson Tollison & Alexander, Oxford, for appellant.
Edwin Lloyd Pittman, Atty. Gen., (elected Supreme Court Justice Jan. 3, 1989), Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
Ken Brown was convicted in the Circuit Court of Chickasaw County, Mississippi, for the burglary of the Houlka Pharmacy at Houlka, Mississippi. He was sentenced to a term of seven years in the custody of the Mississippi Department of Corrections. Brown complains of the following alleged errors in the trial below:
(1) The trial court erred in admitting hearsay evidence against the Defendant.
(2) The trial court erred in excluding letters written by State's witness which was offered by the defendant to impeach.
(3) The trial court erred in failing to grant the defendant's motion for a directed verdict since the evidence was insufficient to convict.
(4) The trial court erred in allowing an attack upon the character of Defendant's witness.
(5) The trial court erred in failing to properly instruct the jury.
This case was severed from that of Billy Floyd Chunn, with whom Brown had been indicted. The only admissible evidence produced by the State connecting Brown with the burglary was testimony elicited from an admitted accomplice, Robert Murphy, and from defendant Brown's girlfriend. Murphy testified that he had agreed to "case" the Houlka Drug Store after meeting with Chunn. Murphy first testified that Brown was present at this meeting, but he admitted on cross examination that he did not actually see Brown. Rather, Murphy only saw the back of someone's head that he thought was Brown and a blue truck that he just thought belonged to Brown.
The inconsistencies of Murphy's weak testimony do not end here. Murphy claimed that Chunn had told him, in Brown's presence, that he and Brown were planning to commit this burglary. However, on cross examination Murphy again admitted that he did not see Brown, but that he just supposed Brown was present. Murphy testified further that he did not remember ever talking with Brown, and that Brown had never implied to Murphy that he was going to burglarize the drug store. On the issue of guilt, the defendant's girl friend only testified that she had gotten four white pills out of the defendant's pocket, and that she did not know where he had gotten them. The rest of the State's case, in fact the State's whole case, was based upon prior inconsistent statements which were admissible only to impeach and not for the truth of the matter asserted.
A review of the law confirms that the burden of proof never shifts from the State in a criminal case. McVeay v. State, *340 355 So.2d 1389, 1391 (Miss. 1978). All elements of the crime must be proven by the State, as well as the defendant's connection with the same. Id.; Talbert v. State, 347 So.2d 352 (Miss. 1977); Boyd v. State, 204 So.2d 165 (Miss. 1967). Furthermore, the burden of proof of the State in a circumstantial evidence case is to prove guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. Leflore v. State, 535 So.2d 68, 70 (Miss. 1988). But see Montgomery v. State, 515 So.2d 845, 849 (Miss. 1987) (concurring opinion by Justice Robertson asserting that the burden of proof in "all" criminal cases is that the prosecution must prove each element of the offense beyond a reasonable doubt. Justice Robertson criticizes the burden of proof rule used in circumstantial evidence cases); Mack v. State, 481 So.2d 793, 796 (Miss. 1985) (stating that no difference exists between direct and circumstantial evidence of which our law rationally can or ought to take account). The standard of review of a conviction based upon circumstantial evidence is that a circumstantial evidence conviction will not be disturbed unless it is opposed by a decided preponderance of the evidence. Id. at 70. In this case, however, the State completely failed to present any evidence to support this conviction, and Courts cannot permit a conviction to stand based merely upon suspicion. Shepherd v. State, 403 So.2d 1287, 1288 (Miss. 1981); Wooldridge v. State, 274 So.2d 131 (Miss. 1973).
In passing upon a request for a peremptory instruction, all evidence introduced by the State is to be accepted as true, together with any reasonable inferences that can be drawn from that evidence, and if sufficient evidence to support a verdict of guilty exists, the motion for a directed verdict is to be overruled. Butler v. State, 544 So.2d 816 (Miss. 1989). Furthermore, when the trial court has erred in refusing to grant the defendant's request for a peremptory instruction, then the case must be reversed and the defendant discharged. Sisk v. State, 290 So.2d 608, 611 (Miss. 1974). We recognize that we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. May v. State, 460 So.2d 778 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). The instant case must be resolved in light of this established law.
The several assignments of error here lend themselves readily to a summary discussion and disposition. The first, the admission of hearsay evidence, and third, failure to direct a verdict, are well taken and require reversal. The State introduced written "prior inconsistent statements" of two witnesses. The import of these statements was that the defendant admitted that he had committed the burglary. These statements were said to have been made to investigating officers and signed by the witnesses. Other facts supplied "evidence" which indicated nothing more than a suspicion of the defendant. The witnesses whose out-of-court statements were introduced did not testify to any such facts in court. In fact, they testified to the contrary and denied the assertions made by the statements so introduced.
The conviction must have rested upon those statements, made outside the court and out of the presence of the accused, because contrary to the State's argument, nothing else of any substance was offered. The jury was not instructed as to the limitation regarding the proper use of such statements. Even if a limiting instruction had been given, however, we doubt that it would have sufficed to cure this error, because without these statements, there simply was no case.
The case of Moffett v. State, 456 So.2d 714 (Miss. 1984), addressed the use of prior inconsistent out-of-court statements of a state witness which had implicated a defendant in the murder of a cashier at a gas station. The witness in Moffett, like the witnesses in the instant case, admitted making the prior statement but insisted that the contents were untrue. Moffett, 456 So.2d at 717. The Court in Moffett *341 explained that where a nonparty witness admitted making the prior out-of-court statements, the statements where reduced to written form, should never be introduced into evidence. Id. at 719. The basis for not allowing such prior inconsistent written statements into evidence is that no necessity for further proof exists with respect to such statements once an admission of the prior inconsistency has been made. Id.; see Davis v. State, 431 So.2d 468, 473 (Miss. 1983) (recognizing that evidence of extra judicial statements by nonparty witness was admissable only to impeach); Sims v. State, 313 So.2d 388, 391 (Miss. 1975) (finding that witness who denied that defendant made incriminating statements could be impeached by showing that witness told third party that defendant made such statement; however, such statement was found to be admissible only for impeachment purposes); see also Murphy v. State, 336 So.2d 213, 216-17 (Miss. 1976), cert. denied, 429 U.S. 1076, 97 S.Ct. 819, 50 L.Ed.2d 795 (1977) (defendant entitled to instruction that prior inconsistent statement was not to be used as proof of guilt).
The Court in Moffett found that it was firmly embedded in hornbook and case law that unsworn prior inconsistent statements were to be used for impeachment purposes only. Moffett, 456 So.2d at 719. The Court continued in firmly stating that prior inconsistent statements by one not a party were not to be used as substantive evidence. Id. The Moffett Court explained its reasoning in stating the following:
[But impeachment] does not mean that the out-of-court statement became evidence on its merits or had any probative value... . The rule seems to be universal that the impeaching testimony does not establish or in any way tend to establish the truth of the matters contained on the out-of-court contradictory statement.
Id. at 719-20 (quoting Magee v. Magee, 320 So.2d 779, 783 (Miss. 1975). The Court reasoned that such evidence had not been purified by oath, and that impeachment evidence functioned to impeach the credibility of the witness's direct testimony. Id. at 720. As a practical matter, the Court in Moffett recognized that impeaching statements should not be given to the jury, because the average juror suffers difficulty distinguishing between impeachment evidence and substantive evidence. Id.
The Court in Moffett noted that in that case the trial judge had correctly instructed the jury not to use the impeaching statements as substantive evidence of the defendant's guilt or innocence. Id. However, the Court clearly found that the instruction had not cured the error considering that the prior unsworn statement constituted the sole support for a central issue in the Moffett case. Id.
In the case at bar, prior inconsistent sworn statements were similarly admitted into evidence, and these statements provided substantial support for the central issue of guilt. The prosecuting attorney, like the prosecuting attorney in Moffett, vigorously argued these statements as the reason why the jury should find Brown guilty. Id. Thus, the jury, according to Moffett, would have had a difficult chore distinguishing between the substantive and the impeachment evidence. See Gates v. State, 484 So.2d 1002, 1009 (Miss. 1986) (stating that out-of-court statements offered in criminal prosecution for purpose of proving truth of matters asserted were hearsay and therefore inadmissible); Murphy v. State, 453 So.2d 1290, 1294 (Miss. 1984) (Court found that admission of hearsay testimony of nonparty witness, concerning out-of-court statement of defendant, had violated defendant's right to a fair trial and constituted reversible error. Reversible error was found since hearsay testimony in question was sufficient within itself to convict). In the present case, the State had no case because the prior inconsistent statements were not admissible as substantive evidence of guilt.
Clearly the court should have directed a verdict for the defendant. Assignments two and four are not dispositive and are not of sufficient importance to merit discussion in light of the fact that we must reverse and order the defendant discharged.
*342 REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, and ANDERSON, JJ., concur.
HAWKINS, P.J., and PITTMAN, J., not participating.