SULLIVAN, Justice,
for the Court:
Wallace Polite was convicted of murder in the Circuit Court of Lowndes County, Mississippi, and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.
Ted Jenkins and Wallace Polite had an argument about a woman. As a result of that argument, Wallace Polite struck Ted Jenkins in the back of the head. Jenkins ignored the attack and attempted to leave the scene, but Polite and his two cohorts would not allow Jenkins to leave peacefully. Polite stabbed Jenkins in the chest and Jenkins bled to death as a result of that wound. Although Polite claimed Jenkins made the first attack, by hitting Polite in the back of the head, none of the witnesses at trial corroborated this version of the events.
Polite appeals to this Court, assigning one error:
The lower court erred in overruling Appellant’s motion for directed verdict, refusing to grant Appellant his instruction D-l, and failing to grant Appellant’s motion for new trial in that the jury’s verdict was against the overwhelming weight of the evidence.
This assignment of error will be discussed in three parts.
A.
WAS IT ERROR FOR THE LOWER COURT TO OVERRULE POLITE’S MOTION FOR DIRECTED VERDICT?
Polite first contends that it was error for the lower court to overrule his motion for a directed verdict. Based on the evidence before the trial judge and the law as set forth in Parker v. State, 606 So.2d 1132, 1140 (Miss.1992), it was not error for the trial judge to overrule the motion for directed verdict. There is ample evidence for the jury to have found that Polite killed Ted Jenkins unlawfully, willfully, feloniously, and with malice aforethought, pursuant to Miss. Code Ann. § 97-3-19 (Supp.1990).
B.
WAS IT ERROR FOR THE TRIAL JUDGE TO REFUSE TO GRANT INSTRUCTION D-l?
D-l is a peremptory instruction which reads: “THE COURT instructs the Jury to find the Defendant, WALLACE POLITE, not guilty.”
Based on the evidence in this record and the law as set forth in Strong v. State, 600 So.2d 199, 201 (Miss.1992); Allred v. State, 606 So.2d 758, 760 (Miss.1992), citing Brown v. State, 556 So.2d 338, 340 (Miss.1990); and Benson v. State, 551 So.2d 188,193-94 (Miss.1989), the trial court was correct in refusing to grant Instruction D-l.
C.
WAS POLITE ENTITLED TO A NEW TRIAL BECAUSE THE VERDICT IN THIS CASE WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
As we have already stated the evidence in this record clearly makes it impossible for *605 the jury verdict to be against the overwhelming weight of the evidence and it was not error for the trial court to refuse to grant the motion for new trial. Flowers v. State, 601 So.2d 828, 833 (Miss.1992); Pierre v. State, 607 So.2d 43, 54 (Miss.1992); and Alexander v. State, 602 So.2d 1180, 1183 (Miss.1992). This record reflects ample evidence to support the jury’s guilty verdict, therefore, Polite’s appeal assailing the sufficiency of the evidence is without merit.
CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.