## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CT-01215-SCT

*CHRISTOPHER McREE a/k/a CHRISTOPHER HARDIN McREE a/k/a CHRIS McREE*

*v.*

*STATE OF MISSISSIPPI*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | OCTOBER 4, 1996 |
| TRIAL JUDGE: | HON. HONORABLE R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BILLY L. GORE |
| DISTRICT ATTORNEY: | RICHARD DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED -02/11/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On October 4, 1996, McRee was convicted for the burglary of a dwelling in the Circuit Court of Lamar County and sentenced to ten years, with three years suspended, to be served in the custody of the Mississippi Department of Corrections. The trial court denied a motion for directed verdict and a subsequent motion for JNOV. The conviction was affirmed by the Court of Appeals.

¶2. In his Petition for Writ of Certiorari, McRee asserted that this case, which was based entirely on circumstantial evidence, was erroneously decided by the Court of Appeals and that the Court of Appeal's decision is in conflict with prior published decisions of this Court. See *Corbin v. State*, 585 So. 2d 713 (Miss. 1991), *Rawls v. State*, 513 So. 2d 942 (Miss. 1987), *Shepherd v. State*, 403 So. 2d 1287 (Miss. 1981); *Wooldridge v. State*, 274 So. 2d 131 (Miss. 1973), and *James v. State*, 77 Miss. 370, 372, 26 So. 929 (Miss. 1900), where the Court found that the evidence was insufficient to support the conviction or the conviction was against the overwhelming weight of the evidence. This Court granted certiorari review and holds that the evidence in this case is insufficient to support the conviction and the conviction should be reversed and rendered.

## FACTS

¶3. On July 16, 1995, Terry and Cathy Shows departed from their residence at approximately 10:30 a.m. to attend church services near Purvis, Mississippi. As the Shows approached an intersection, they noticed a light colored Mercury Cougar, with two white males, traveling slowly down the highway. The Shows pulled onto the highway and proceeded in the same direction as the other vehicle. While still behind the Cougar, the Shows saw it turn on a small driveway. After the Shows passed, they saw the Cougar re-enter the highway and go back in the direction that it had just come.

¶4. Between 10:00 and 11:00 a.m. that same morning, David Lee and his wife Amy went towards Amy's parents' house that was across but slightly down the street from the Shows' house. While within view of the Shows' residence, David Lee noticed a light colored Mercury Cougar driving through the Shows' driveway. After the vehicle drove through the driveway the second time, David Lee and his wife went to the Shows' residence and made a brief inspection of the residence and grounds. Noticing nothing unusual, they returned up the hill to their house. Later, David Lee saw the same vehicle return, enter the Shows' driveway and pull around the grass behind the residence. Lee then heard a tap of the car's horn and decided to walk back to the Shows' residence.

¶5. As David Lee approached the vehicle, he saw the driver leaning out of the vehicle as if to step out. The driver then noticed David Lee. When questioned about his presence at the residence, the driver responded that he was looking for a girl named Shanna. David Lee informed the driver that he was at the Shows' residence and the driver stated that he had made a mistake. As the vehicle left, David Lee noted the Wayne County tag number on the vehicle.

¶6. When the Shows returned from church at approximately 12:20, they noticed that several personal items were out of place, that the sliding glass door was ajar and that the bedroom window was broken. The only item missing from the house was a pocket knife, which belonged to Mr. Shows which was apparently never recovered. During the investigation of the burglary, David Lee informed the officer of the Mercury Cougar that he had seen on the Shows' property and the Wayne County tag number. The officer determined that this vehicle belonged to Christopher McRee. When questioned about his involvement in the burglary, McRee admitted that he was driving the vehicle and that he had been on the Shows' property on the day in question, however, he explained that he was looking for a girl named Shanna.

¶7. After the State's case, McRee moved for a directed verdict, which was denied. Thereafter, the defense did not put on any evidence in McRee's defense. After deliberation, McRee was found guilty of burglary of a dwelling and sentenced to ten years in the custody of the Mississippi Department of Corrections. The trial court denied a motion for JNOV and McRee appealed. The Court of Appeals affirmed and this Court granted certiorari review.

## ANALYSIS

¶8. McRee argues that the evidence is insufficient to connect him with the burglary and that the prosecution failed to show beyond a reasonable doubt that he actually had anything to do with the burglary. He explains that the conclusions reached by the trial court were based on suspicion and inferences from circumstantial evidence, which did not rise to the level of "beyond a reasonable doubt." McRee directs the Court's attention to *Corbin v. State*, 585 So. 2d 713 (Miss. 1991), *Rawls v. State*, 513 So. 2d 942 (Miss. 1987) , *Shepherd v. State*, 403 So. 2d 1287 (Miss. 1981); *Wooldridge v. State*, 274 So. 2d 131 (Miss. 1973),

and *James v. State*, 77 Miss. 370, 372, 26 So. 929 (1900), which are cases where the Court found that the evidence was insufficient to support the conviction.

¶9. McRee argues that in this case, the fact that he pulled into the Shows' driveway allegedly in search of a female named Shanna and left, is insufficient to conclude that he was involved in the burglary of the Shows' home. An attack of the sufficiency of the evidence, if successful, requires the acquittal of the accused. In *Collier v. State*, 711 So.2d 458 (Miss. 1998) the Court recently held that

> Our best statement of the standard of review for sufficiency of the evidence is as follows:
>
> Our concern here is whether the evidence in the record is sufficient to sustain a finding adverse to Wetz on each element of the offense of murder. In the present context we must, with respect to each element of the offense, consider all of the evidence -- not just the evidence which supports the case for the prosecution -- in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
>
> *Wetz v. State*, 503 So. 2d 803, 808 (Miss. 1987) (citations omitted). If the evidence is found to be legally insufficient, then discharge of the defendant is proper. *May*, 460 So. 2d at 781.

*Id.* at 461.

¶10. In *Corbin, supra.,* the M&M Grocery was burglarized some time between closing hours on September 9,1988, and 4:50 a.m. on September 10, 1988. An unidentified black male was seen dropping items stolen from M&M Grocery and running from the police on September 19, 1988. After Walter Corbin's fingerprints were found on three of the six cartons of cigarettes recovered by the Greenville Police Department, he was arrested, indicted and convicted of the burglary. On appeal, this Court held that the fact that Corbin, at some point, handled the cartons of cigarettes that were stolen from the store is insufficient standing alone, to conclude that he committed the burglary. *Corbin*, 585 So. 2d at 713. In *Wooldridge*, this Court held that a defendant's vehicle parked in front of a robbed bank where no fingerprints of the defendant were found at the crime scene nor any property of the bank found in the defendant's vehicle was insufficient to support a conviction of burglary. *Wooldridge*, 274 So. 2d at 131. In *James*, the Court held that close proximity to the crime scene and departure after discovery of the burglary was insufficient to establish the conviction of burglary.

¶11. Likewise, in *Shepherd v. State*, 403 So. 2d 1287 (Miss. 1981), a Western Auto Store was burglarized and approximately $700 worth of merchandise was stolen including several knifes. The testimony revealed that a police officer had observed the Defendant in an alleyway near the burglarized premises with a knife similar to that stolen. Although the defendant stated that he was washing clothes at a nearby laundrymat, the officer stated that he did not see any clothes. This Court reversed finding that the evidence presented by the State could justify no more than suspicion and that a conviction must be based on more than mere suspicion. *Shepherd*, 403 So. 2d at 1287.

¶12. In *Rawls*, the defendant was seen coming from around the side of the house that had been burglarized

along with two other men who were carrying unidentified objects. An eyewitness spotted them with headlights, two of the men ran across the street hiding behind an automobile. Rawls stood motionless in the headlights. When the eyewitness returned, the men drove away in the same automobile. Rawls was convicted of burglary. Relying on *Shepard*, *infra*, this Court reversed the conviction since the only evidence against Rawls was that he was observed walking around the side of the burglarized premises shortly after two men had carried away the unidentified items. *Rawls*, 513 So. 2d at 944.

¶13. In the instant case, the State's case was based on circumstantial evidence to establish McRee's link to the burglary. In its brief on the direct appeal, the State asserted that the circumstantial evidence, "even if slim," was sufficient to support the hypothesis that McRee aided and abetted an individual in the burglary of the Shows' residence. The Court of Appeals concluded that the "inferences supporting guilt are reasonable and persuasive, and that the inferences of innocence are implausible and unconvincing."

¶14. In circumstantial evidence cases, the State is required to prove the defendant's guilt not only beyond a reasonable doubt, but to the exclusion of every reasonable hypothesis consistent with innocence. *Deloach v. State*, 658 So. 2d 875, 876 (Miss.1995); *Murphy v. State*, 566 So. 2d 1201, 1204 (Miss.1990); *Fisher v. State*, 481 So. 2d 203, 212 (Miss.1985). Each case must be determined from the circumstances shown in the testimony and the facts must consistently point to but one conclusion-- guilt. *Hester v. State*, 463 So. 2d 1087, 1091 (Miss.1985) (quoting *Sanders v. State*, 286 So. 2d 825, 828 (Miss.1973)). Circumstantial evidence in a criminal case is entitled to as much weight as any other kind of evidence, so long as the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any reasonable hypothesis except that of his guilt. *Tolbert v. State*, 407 So.2d 815, 820 (Miss.1981).

¶15. In the proceedings below, the evidence focused on the following circumstantial elements: two men were seen driving in a vehicle, later determined to be owned by McRee, Mrs. Shows had allegedly seen that same vehicle in the neighborhood earlier on the morning of the burglary, the Shows' neighbor and relative, David Lee, saw the vehicle drive past the Shows' house twice, and later saw McRee drive on the Shows' property and back up toward the Shows' shop or shed on the side of the house. He also hear McRee tap his horn. Lee testified that when he asked McRee what he was doing at the house, McRee answered that he was looking for a girl named Shanna and that after he was told that Shanna did not live at the house, he left and did not return, because he, David Lee, kept a continuous lookout. Nevertheless upon their return from church at approximately 12:30, the Shows noticed that their house had been forcibly entered and that Mr. Shows' pocketknife was missing.

¶16. In its brief on direct appeal, the State conceded that the circumstantial evidence was slim. However, it asserted that "even if slim," it was sufficient to support the hypothesis that McRee aided and abetted an individual in the burglary of the Shows' residence. Conversely, McRee's theory of the case was that he was looking for a girl named Shanna. He thought he was at the right house, however, being from another county, he was not sure. He further stated that as he was getting out of the car, a neighbor approached him and asked what he was doing, and that he responded he was looking for a girl named Shanna, After he was advised that Shanna did not live at the residence, he left and did not return.

¶17. This evidence viewed in the light more favorable to the State, gives "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." *Shields v. State, 702 So. 2d 380, 382 (Miss. 1997)* (quoting *Clark v. Procunier*, 755 F.2d 394, 396 (5th Cir.1985).

Thus, "a reasonable jury must necessarily [have] entertain[ed] a reasonable doubt." *Id.* Where this occurs, this Court has held that the case leans toward acquittal for the defendant. *Id.*

¶18. Based on these prior decisions, we therefore hold that the circumstantial evidence in this case was insufficient to prove that McRee was involved in this burglary to the exclusion of any other reasonable hypothesis, particularly the statements given by McRee to the neighbor and later to law enforcement that he was in the area looking for a young lady named Shanna. Accordingly, as this is a finding that the evidence is insufficient to support the conviction, the conviction should be reversed and rendered.

¶19. **REVERSED AND RENDERED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**