741 So.2d 992 (1999)
Harold NORWOOD a/k/a Harold D. Norwood, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01525-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*994 David H. Strong, Jr., Magnolia, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Dunnica O. Lampton, Attorneys for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
LEE, J., for the Court:
¶ 1. Harold Norwood was indicted on August 5, 1997 for aggravated assault on a law enforcement officer in McComb, Mississippi acting within the scope of his duty. He was tried and found guilty of the lesser-included-offense of simple assault on a law enforcement officer. The Pike County Circuit Court sentenced him to five years in the custody of the Mississippi Department of Corrections, with the last year to be served on Post-Release Supervision. Following the imposition of the sentence, Norwood filed a motion for JNOV or, in the alternative, a new trial. It is from the denial of these motions that Norwood now appeals.

STATEMENT OF THE FACTS
¶ 2. During the early morning hours of Sunday, June 8, 1997 around 1:30 a.m., Sergeant Greg Martin of the McComb Police Department responded to a disturbance call regarding shots fired at the White Acre Apartments. Martin saw a gray Tempo leaving from that direction in a hurry as he approached that area. The Tempo was occupied by two females in the front and at least two males in the back seat. Martin attempted to block the passageway of the Tempo with his police cruiser but the Tempo went around his patrol car. He then turned on his blue lights and siren and feverishly pursued the vehicle. Just as the Tempo turned a corner it began pulling to the side just behind a parked car. At that point Norwood rolled out of the back passenger side of the car, pointed a gun, fired and took off running.
¶ 3. Martin, testifying on behalf of the State, was close enough to identify Norwood as the man who rolled out of the Tempo, pointed a gun at him, fired and ran. Martin, who was holding his radio microphone at the time he observed Norwood with the firearm, ducked at that point in time because he believed that he was the intended target and he was scared.
¶ 4. The Chief of Detectives for the McComb Police Department, Perry Ashley, also testifying on behalf of the State, stated that he took an oral statement from Norwood following his arrest when Norwood was taken to the police station by his mother on June 9th. According to that statement, the gun was in Norwood's lap, fell to the ground, and discharged as he jumped out of the car. He picked up the gun and ran from the police with the gun in his hand. However, Martin testified that he never observed Norwood picking anything up off the ground. The firearm was never found. Norwood told Ashley that he threw it away.
¶ 5. Norwood himself did not testify; however, three of the passengers in the Tempo at the time of the incident testified on his behalf. Cassandra Powell claimed that Norwood did have in his possession a firearm and that when he jumped out of the car that he stumbled and the gun fell and discharged into the ground. Nakeshia Gardner, the driver of the Tempo, also testified that the fire from the gun went toward the ground though she never saw the gun itself. Jamael Gardner, a passenger *995 in the back seat where Norwood was sitting, said that he did not see the gun while in the car with Norwood but that when Norwood got out of the car that the gun discharged to the ground.
¶ 6. At the close of all of the evidence the jury returned a unanimous verdict finding Norwood guilty of simple assault on a law enforcement officer. Norwood later filed a motion JNOV or, in the alternative, for a new trial. Both motions were denied and he now appeals.

SUMMARY OF THE ARGUMENT
¶ 7. The appellant contends that the State's evidence was not sufficient for a reasonable juror to find the defendant guilty of the crime of simple assault on a law enforcement officer and therefore merits a reversal. We find that the evidence was sufficient for a reasonable juror to find the defendant guilty of aggravated assault against a law enforcement officer, consequently, Norwood cannot complain of his conviction for simple assault, a lesser offense. Hubbard v. State, 437 So.2d 430, 438 (Miss.1983).
¶ 8. We also find that the trial judge did not abuse his discretion in overruling Norwood's motion for a new trial since the testimony was conflicting regarding the firearm and the direction in which it was pointed. This is an issue that goes precisely to the heart of the weight and credibility of the evidence and is strictly for the jury. Byrd v. State, 522 So.2d 756, 760 (Miss.1988).

ISSUE AND DISCUSSION

THE APPELLANT HAS FAILED TO DEMONSTRATE THAT THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF SIMPLE ASSAULT OR THAT THE LOWER COURT ABUSED ITS JUDICIAL DISCRETION IN OVERRULING HIS MOTION FOR A NEW TRIAL ON A CLAIM THAT THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 9. In this appeal, Norwood seeks relief in the form of a reversal and discharge or, in the alternative, remand to the trial court for a new trial. The former is a consequence of legal insufficiency of the evidence while the latter is the product of an examination of evidentiary weight. May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 10. In assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss.1996); Ellis v. State, 667 So.2d 599, 612 (Miss.1995); Clemons v. State, 460 So.2d 835, 839 (Miss.1984); Noe v. State, 616 So.2d 298, 302 (Miss.1993). If under this standard sufficient evidence to support the jury's verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State, 460 So.2d 778, 781 (Miss. 1984).
¶ 11. Where the weight of the evidence, as opposed to the sufficiency, is challenged, the jury's verdict is vacated on grounds relative to the weight of the evidence so that a new trial is granted as opposed to final discharge. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the *996 overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). It has been said that on a motion for new trial the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir.1971). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 12. The evidence to be evaluated regarding sufficiency for sustaining a conviction for simple assault and the evidence relevant to ascertaining whether the jury's verdict was against the overwhelming weight will be the same in this case; evidence regarding sufficiency requires the court to accept as true all evidence favorable to the State, Yates, 685 So.2d at 718, and evidence regarding weight limits our review to that construed in the light most favorable to the verdict. Mitchell, 572 So.2d at 867.
¶ 13. Evidence pointing toward guilt of simple assault and aggravated assault is the same even though aggravated assault requires the additional element of intent to cause bodily injury. Such evidence includes testimony that: (1) a loaded gun was pointed in the direction of Sergeant Martin while he was in pursuit of the Tempo; (2) as a result of seeing the gun pointed toward him Sergeant Martin immediately took evasive action because he was placed in fear of imminent serious bodily harm; (3) a shot was fired by Norwood in Martin's direction; (4) Norwood, gun in hand, kept on running; and (5) Norwood threw the gun away.
¶ 14. The jury instruction authorizing the jury to find Norwood guilty of aggravated assault, or in the alternative, simple assault, relied upon Mississippi Code Annotated, section 97-3-7, as amended, in its pertinent parts states that:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; ...
(2) A person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;....
The relevant jury instruction read as follows:
The court instructs the jury that a person is guilty of aggravated assault on a law enforcement officer if he attempts to cause or purposely or knowingly causes bodily injury with a deadly weapon or other means likely to produce death or serious bodily harm to a law enforcement officer while said officer is working within the course of his duties.
Therefore, if you the jury find beyond a reasonable doubt that on or about the 8th day of June, 1997, the defendant, Harold Norwood, attempted to cause bodily injury with a deadly weapon to a law enforcement officer, Greg Martin, while Greg Martin was working within the course and scope of his duties as a law enforcement officer, with a deadly weapon or other means likely to produce death or serious bodily harm then you may find the defendant guilty of aggravated assault on a law enforcement officer....
If you find the jury cannot unanimously agree as to a verdict of guilty or not guilty of aggravated assault on a law *997 enforcement officer you may consider the lesser included offense of simple assault on a law enforcement officer.
Simple assault on a law enforcement officer occurs when a person attempts by physical menace to put a law enforcement officer in fear of imminent bodily harm while said officer is working within the course of his duties.
¶ 15. In determining whether the evidence was sufficient to sustain a conviction of simple assault, the trial judge is required to accept as true all evidence favorable to the State, including all inferences that may be drawn, and to disregard evidence favorable to the defendant. Yates, 685 So.2d at 718. If the evidence is found to be sufficient, then the verdict must be affirmed. It is clear that the testimony supports the State's theory that Norwood was holding a gun in his hand when he rolled out of the back of the car and that the gun was pointed in the direction of Sergeant Greg Martin. Martin testified that Norwood "rolled, came up, brought the weapon up and fired and never stopped running. It was a continuous move." In addition, Martin testified that he was scared and that he ducked just as the weapon was fired. There is no doubt that the evidence was legally sufficient to demonstrate to a reasonable juror that Norwood attempted by physical menace to put Martin in fear of imminent serious bodily harm in accordance with Mississippi Code Annotated, section 97-3-7(1)(c), as amended. Therefore the motions for a directed verdict and JNOV were properly overruled.
¶ 16. Norwood's motion for a new trial claims that the verdict was against the overwhelming weight of the evidence. This Court will not set aside a verdict by a jury, which is the arbiter of the weight and credibility of the evidence, without concluding that the evidence, taken in the light most favorable to the verdict, could not have supported a reasonable juror's conclusion that the defendant was guilty beyond a reasonable doubt. Rainer v. State, 473 So.2d 172, 173 (Miss.1985). "We will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence." Maiben v. State, 405 So.2d 87, 88 (Miss.1981). This Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring, 691 So.2d at 957.
¶ 17. We find that a reasonable juror could have found, given the relevant testimony which has already been summarized, that Norwood was guilty of simple assault by physical menace. We find that the verdict is not manifestly against the weight of credible evidence and that the circuit court did not abuse its discretion in failing to grant a new trial.

CONCLUSION
¶ 18. Finding that the evidence was legally sufficient to demonstrate to a reasonable juror that Norwood attempted by physical menace to put Martin in fear of imminent serious bodily harm in accordance with Mississippi Code Annotated Section 97-3-7(1)(c), as amended, we conclude that the motions for a directed verdict and JNOV were properly overruled. We also find that the verdict is not manifestly against the weight of credible evidence and that the circuit court did not abuse its discretion in failing to grant a new trial. We therefore affirm the judgment of the trial court.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH APPELLANT TO SERVE THE FIRST FOUR YEARS WITH THE LAST YEAR TO BE SERVED ON POST RELEASE SUPERVISION *998 IS AFFIRMED. APPELLANT IS TO PAY A FINE IN THE AMOUNT OF $500. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.