LEE, J.,
for the Court:
¶ 1. Frager Moore was indicted pursuant to Miss.Code Ann. § 97 — 3—7(2)(b) (Rev. 2000) for aggravated assault and found guilty by a unanimous jury in the Bolivar County Circuit Court. He appeals, asserting that the trial court erred in denying his motion for a directed verdict or, in the alternative, in denying his motion for a new trial. After thoroughly reviewing the record, we have found no reversible error and affirm.
FACTS
¶ 2. The incident giving rise to the charge for aggravated assault in this case occurred during the early morning hours of October 11, 1998, at Club Chateau in Bolivar County where Frager Moore, the appellant, and Eugene Hall were patrons. Hall was sitting at one end of the bar eating fish with several others and Moore was at the other end of the bar.
¶ 3. After they had been there for a while Hall’s son, Avis Evans, came into the club and began talking with Moore. The testimony regarding the subject of the conversation was vague. Hall said Moore told his son what he planned to do with him, and Hall responded to Moore that he was not going to do anything with him. Moore testified regarding his exchange with Evans that he, Moore, “went to messing with him” and said, “I just talk crazy sometimes when I be drinking, laughing and joking and stuff like that.” When asked if he made any threats against Hall’s son, Moore replied, “No. We may have stated something like that, but it wasn’t nothing to be mad about. He wasn’t mad about it and I wasn’t mad about it.” Evans then went to talk with his father. Moore testified that Hall had a knife in his hand. Hall testified that while he was talking with his son he saw Moore pull a gun and heard a shot. Hall was shot in the top of his left foot, and the bullet lodged in the bottom of his shoe.
¶ 4. Captain Charles Gilmer of the Bolivar County Sheriffs Department was *310 called after the incident at 1:02 a.m. and arrived at the club at 1:08 a.m. When he arrived he saw a group of people escorting the victim to a vehicle. A blood soaked towel was wrapped around his left foot. Gilmer was told that the suspect was stuck in a ditch in his truck behind the building. When Gilmer approached the truck he saw the suspect getting out of it from the driver’s side. About that time another officer from the sheriffs department, Gerald Wesley, arrived. Wesley placed handcuffs on Moore and recovered a loaded .38 automatic from him which was cocked and contained three live rounds. Also recovered were an expired .38 casing, a sock, and a Hush Puppy shoe, which belonged to Hall.
STANDARD OF REVIEW
¶ 5. In claiming that the trial court erred in denying his motion for a directed verdict, Moore is seeking relief in the form of a reversal and discharge, contending that the evidence was legally insufficient to sustain the verdict. May v. State, 460 So.2d 778, 781 (Miss.1984). In assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss.1996); Ellis v. State, 667 So.2d 599, 612 (Miss.1995); Clemons v. State, 460 So.2d 835, 839 (Miss.1984); Noe v. State, 616 So.2d 298, 302 (Miss.1993). If under this standard sufficient evidence to support the jury’s verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 6. It is the weight of the evidence, as opposed to the sufficiency, that is challenged in a motion for a new trial. If a new trial is granted, the jury’s verdict is vacated on grounds relative to the weight of the evidence, rather than final discharge of the defendant. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). It has been said that on a motion for new trial the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir.1971). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
ISSUE AND DISCUSSION
DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S MOTION FOR A DIRECTED VERDICT, OR, IN THE ALTERNATIVE, HIS MOTION FOR A NEW TRIAL?
*311 ¶ 7. Moore does not deny having shot Hall; however, he asserts that he shot in self-defense because Hall had a knife in his hand when Moore shot him. The standard of review to which we are bound requires, in evaluating the sufficiency of the evidence, that this Court accept as true all evidence favorable to the State, including all reasonable inferences, and that the Court disregard evidence favorable to the defendant. Yates, 685 So.2d at 718. Evidence regarding weight is limited to that construed in the light most favorable to the verdict. Mitchell, 572 So.2d at 867.
¶ 8. The evidence presented favoring the State in its case for aggravated assault is actually evidence showing that Moore was not acting in self-defense, that is, that Hall did not threaten Moore with a knife when Moore shot him. That evidence includes: Hall’s testimony that he had no weapon on the night he was shot, the testimony of Hall’s son that he did not see a knife, testimony of defense witness, Willie Nolden, that he never saw a knife in Hall’s hand, Nolden’s acknowledgment that he told officer Gerald Wesley that he never saw Hall pull a weapon, and testimony of Officer Wesley that Nolden told him during his investigation that Hall had no knife. Nolden was a witness for the defense who testified that he saw a knife on the floor next to Hall after Hall was shot and had fallen to the floor. If we accept this evidence as true, as well as reasonable inferences that may be drawn therefrom, as required by our standard of review, we conclude that the evidence is sufficient to support the jury’s verdict and that the motion for a directed verdict was properly overruled. Brown, 556 So.2d at 340.
¶ 9. In reviewing the evidence in the light most favorable to the verdict, we find that the verdict was not against the overwhelming weight of the evidence so as to support the granting of a motion for a new trial. Mitchell, 572 So.2d at 867. The evidence is undisputed that Moore shot Hall. Moore himself does not dispute that fact. The evidence supporting the jury’s verdict that Moore was guilty of aggravated assault is abundant and includes the testimony of the two officers from the sheriffs department who responded to the call as well as the testimony of a forensic scientist who was an expert in firearms identification. Together, these witnesses established the connection between the weapon Moore fired and the bullet which lodged in Hall’s shoe. In addition, the State presented the testimony of Hall himself, as well as that of his son, who was a witness to the shooting, in support of its case.
¶ 10. The defense presented four witnesses who testified. All offered some testimony regarding the presence of a knife when Hall was shot, inferring self-defense on Moore’s behalf. Moore himself testified that Hall had a knife in his hand when he shot Hall. Jimmy Young also testified that Hall had a knife in his hand at that time. However, Young’s credibility was called into question during his testimony when he testified that the incident in question happened at four or five o’clock in the afternoon as opposed to one o’clock in the morning. Willie Nolden testified that he saw a knife next to Hall after Hall was shot. However, his credibility too was also called into question on cross-examination when he admitted that the first time he mentioned seeing a knife was just a few days before the trial. In his statement during the investigation of the shooting, Nolden said that Hall had no knife and he did not mention seeing a knife next to him after he was shot. We do not find in reviewing this evidence that it preponderates heavily against the verdict so as to support the granting of a motion for a new trial. Norwood v. State, 741 So.2d 992, *312 996 (¶ 11) (Miss.Ct.App.1999). We therefore affirm.
1111. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FIVE YEARS POST RELEASE SUPERVISION UPON RELEASE, AND PAY RESTITUTION IS AFFIRMED. SENTENCE TO RUN CONSECUTIVELY TO ALL PREVIOUS SENTENCES. ALL COSTS OF THIS APPEAL ARE TAXED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., CONCUR.